## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00881-

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    Plaintiff,

v.

**SAN MIGUEL MOUNTAIN VENTURES, LLC, d/b/a TELLURIDE EXPRESS,**

    Defendant.

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Chester Webber who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC") alleges that San Miguel Mountain Ventures, LLC d/b/a Telluride Express refused to hire Chester Webber because of his age.

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C.§ 626(b) which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 216(c) and 217.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

1

3.   Upon information and belief, the employment practices alleged to be unlawful continued unabated until at least the summer of 2019, within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

4.   Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Sections 7(b), 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5.   At all relevant times, Defendant Telluride Express has continuously been doing business in the State of Colorado and has continuously had at least 20 employees.

6.   At all relevant times, Telluride Express has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

1.   On November 2, 2015, more than 30 days prior to the institution of this lawsuit, Chester Webber filed a charge with the EEOC alleging violations of the ADEA by Telluride Express. Specifically, Webber alleged he was denied employment because of his age, 79.

2.   The EEOC provided Telluride Express with notice of the charge of discrimination.

3.   The EEOC investigated the charge of discrimination.

4.   On March 15, 2019, the EEOC issued to Telluride Express a Letter of Determination finding reasonable cause to believe that the ADEA was violated.

5. The EEOC's determination included an invitation for Telluride Express to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

6. The EEOC and Telluride Express were unable to reach an agreement through the conciliation process.

7. On July 26, 2019, the EEOC sent Telluride Express a notice advising Telluride Express that efforts to conciliate the charge were unsuccessful.

8. On November 21, 2019, the EEOC reopened conciliation, and again attempted to resolve the matter.

9. The reopened conciliation efforts were unsuccessful.

10. On March 17, 2020, the EEOC sent Telluride Express a notice advising that the reopened conciliation was unsuccessful.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL ALLEGATIONS

**Chester Webber's Job Application with Telluride Express.**

12. On or about October 14, 2015, Chester Webber submitted to Telluride Express his completed application for a driver position.

13. Telluride Express's application includes a release form allowing the company to obtain the applicant's motor vehicle records.

14. Webber signed the release form authorizing Telluride Express to obtain Webber's motor vehicle records.

15. The Telluride Express application signed by Webber lists the following requirements for driver positions:

      A. Minimum Age: 25
      B. All drivers must be DOT compliant (DOT Physical)
      C. No more than 2 violations or accidents in the last 3 years.
         Unacceptable Driver Criteria:
           1 or more of the following in the past 3 years:
- Driving while intoxicated
- Driving while under the influence of drugs
- Negligent homicide arising out of use of motor vehicle (Gross Negligence)
- Operating a motor vehicle during a period of suspension or revocation
- Using a motor vehicle for the commission of a felony
- Aggravated assault with a motor vehicle
- Operating a motor vehicle without owners [sic] authority (grand theft)
- Permitting an unlicensed person to drive
- Reckless driving
- Hit & Run driving

16. In October 2015, Webber was qualified to hold the driver position at Telluride Express. Specifically:

    A. Webber was 79 years old.

    B. Webber held a valid Colorado commercial driver's license and a current Department of Transportation (DOT) medical certificate.

    C. As reflected by Webber's driving record, he had no traffic violations or accidents in the three years prior to applying for a job at Telluride Express.

    D. Because Webber had no traffic violations at all during the preceding three-year period, he had none of the "unacceptable" offenses detailed on the application.

    E. Webber had over five decades of safe commercial driving experience.

17. The day after Webber submitted his application to Telluride Express, he received a call from the company's Transportation Supervisor.

18. The Transportation Supervisor told Webber that Telluride Express would not hire him because the company's commercial auto insurance policy would not cover him as a driver because he was too old.

19. On October 21, 2015, less than a week after denying employment to Webber, Telluride Express hired 11 new drivers.

20. Telluride Express hired 7 new drivers in November 2015, and 2 new drivers in December 2015.

21. In 2015, Telluride Express hired 32 drivers; all 32 were between the ages of 25 and 70.

22. In 2015, Telluride Express did not hire any drivers aged 71 or older.

23. But for Webber's age, 79, he would have been hired by Telluride Express for a driver position in October 2015.

**Telluride Express's Commercial Auto Insurance Policy**

24. In October 2015, drivers employed by Telluride Express were insured under a commercial auto insurance policy from Philadelphia Insurance Companies ("Philadelphia").

25. Under the policy purchased by Telluride Express, Philadelphia provided coverage for Telluride Express drivers based on the attached Motor Vehicle Record Guidelines ("MVR Guidelines"). *See* Exhibit A.

26. Philadelphia created the MVR Guidelines and used the MVR Guidelines to determine which Telluride Express employees it would cover under the commercial auto insurance policy.

27. Telluride Express knew of, agreed to, and abided by the MVR Guidelines established by Philadelphia.

28. The MVR Guidelines apply different eligibility criteria based on the driver's age.

29. In particular, the MVR Guidelines specify the following for drivers ages 21 to 70:

> A. Any driver with any of the following in the past three years does not meet our underwriting criteria:
> 1. More than two moving violations in the past three years

    2. More than two accidents in the past three years
    3. More than one accident in any one year
    4. Speeding over 80 miles per hour or 21 miles per hour over the posted speed limit
   B. Any driver with any of the following is unacceptable:
    1. Operating a motor vehicle during a time of suspension or revocation
    2. Operating a motor vehicle without a license
    3. Driving under the influence of alcohol or drugs
    4. Careless driving
    5. Negligent homicide arising out of the use of a motor vehicle
    6. Aggravated assault with a motor vehicle.

30. The MVR Guidelines are the same for drivers between ages 71 to 74, except they require annual physician's statements for "any driver operating a passenger transportation vehicle (i.e. vans or buses)."

31. The MVR Guidelines specify that drivers between ages 75 to 79 are "[i]neligible to drive passenger transportation vehicles."

32. The MVR Guidelines specify that drivers 80 and older will not be covered to drive any company vehicles.

33. Telluride Express denied Webber a driver job because he was 79 years old and therefore "ineligible to drive passenger transportation vehicles" under the MVR Guidelines agreed to by Telluride Express and its insurance carrier, Philadelphia.

**The Decision to Deny Webber Employment**

34. Under its usual procedures for evaluating applicants for driver positions, Telluride Express obtains and reviews the applicant's driving record.

35. Telluride Express did not obtain Webber's motor vehicle records, even though Webber signed a release for Telluride Express to do so.

36. Under its usual procedures for evaluating newly-employed drivers, Telluride Express observes the new driver during a ride-along conducted when the person is first hired.

37. Telluride Express did not conduct a ride-along to observe and evaluate Webber's driving abilities and safety practices.

38. Telluride Express did not request a physician's statement or other evidence of Webber's health.

39. Telluride Express did not verify Webber's extensive experience as a commercial driver.

40. Telluride Express did not ask Philadelphia to modify the MVR Guidelines, or make an exception to cover Webber based on his particular qualifications and safety record.

41. Telluride Express did not attempt to locate alternative commercial auto insurance that would cover Webber.

42. Telluride Express's decision to deny employment to Webber was based on his age, 79, not his qualifications for the job.

## CLAIM FOR RELIEF - Age Discrimination
## (29 U.S.C. § 623(a))

43. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

44. Telluride Express engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a), by refusing to hire Webber because of his age.

45. The effect of Telluride Express's actions has been to deprive Chester Webber of equal employment opportunities and otherwise adversely affected his status as an applicant for employment because of his age.

46. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 28 U.S.C. § 626(b).

**PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, attorneys and all persons in active concert or participation with them, from denying employment based on age, and from utilizing commercial auto insurance with underwriting guidelines that apply age-discriminatory standards for coverage to individuals age 40 or older.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals age 40 and older, which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Chester Webber for Telluride Express's violation of the ADEA.

D. Order Defendant to make whole Webber by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs above, in amounts to be determined at trial.

E. Order Defendant to make whole Webber who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the EEOC its costs of this action.

RESPECTFULLY SUBMITTED this 31st day of March, 2020.

Sharon Fast Gustafson
General Counsel

Gwendolyn Reams
Associate General Counsel

Mary Jo O'Neill
Regional Attorney
Phoenix District Office

Rita Byrnes Kittle
Supervisory Trial Attorney

*/s/ Michael LaGarde*
Michael LaGarde
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203
Phone: (303)-866-1314
Email: michael.lagarde@eeoc.gov

**PLEASE NOTE**: For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.