## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00881-RBJ

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

SAN MIGUEL MOUNTAIN VENTURES, LLC, d/b/a TELLURIDE EXPRESS

Defendant.

## CONSENT DECREE

### I. RECITALS

1. This Civil Action No. 1:20-cv-0088-RBJ (the "Lawsuit") was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, San Miguel Mountain Ventures, LLC, d/b/a Telluride Express ("Telluride Express" or "Defendant"), failed to hire Mr. Webber because of his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

2. Telluride Express disputes and denies the allegations made by the EEOC.

3. The Parties to this Decree are the Plaintiff EEOC and the Defendant Telluride Express.

4. The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter

1

of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

5. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6. For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

7. The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

8. **Term:** The duration of this Decree including any and all obligations and/or rights conferred herein shall be twenty (20) months from the date of signing by the Court.

9. **Scope:** The terms of this Decree shall apply to Defendant's facilities in Colorado as well as Defendant's officers, agents, servants, successors, attorneys and all persons in active concert or participation with them nationwide.

## IV. ISSUES RESOLVED

10. This Decree resolves the Commission's claims alleged in the above-captioned Lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADEA that arise from Charge of Discrimination Number 846-2016-02687, filed by Chester Webber.

11. Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

12. Defendant shall pay the amount of $15,000. This amount shall be payable to Chester Webber as specified in Paragraphs 14-15 below.

13. Defendant will not condition the receipt of individual relief upon Chester Webber's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any facility of Telluride Express.

14. To resolve these claims, Defendant shall pay a total of $15,000 to Chester Webber as follows: (a) back pay in the amount of $7,500, less required taxes and withholdings, and (b) liquidated damages in the amount of $7,500. Payments designated "back pay" shall be reported on IRS Form W-2. Defendant shall be responsible for paying its share of payroll taxes and withholding applicable payroll taxes owed by the payee for "back pay" in accordance with a W-4 completed by Mr. Webber and provided to Defendant by the EEOC. Payments designated as liquidated damages shall be reported on IRS Form 1099 by the Respondent and shall not be subject to withholding.

3

15. The payments required under this Decree shall be mailed to Chester Webber within ten (10) calendar days after the Court's entry of this Decree and the EEOC provides the mailing address and Mr. Webber's W-4.

16. Within three (3) business days after payments are mailed to payee, Defendant shall submit to EEOC a copy of the checks issued.

17. Upon the receipt of the payment contemplated in Paragraph 14, Chester Webber will sign the release attached as Exhibit A.

## VII. EQUITABLE RELIEF

### A. Injunctive Relief

18. Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, will not engage in any employment practice which discriminates on the basis of age.

19. Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, will not engage in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Age Discrimination in Employment Act. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of this statute. Defendant shall not retaliate in any

manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B. *Commercial Automobile Insurance Policy*

**20.** In any and all commercial automobile insurance policies maintained by Defendant, Defendant will ensure that both (a) the policies do not exclude from coverage any drivers age 40 or older based on their age, and (b) the policies do not apply a higher or stricter standard for determining coverage eligibility to any drivers age 40 and older, than is applied to drivers under the age of 40. Telluride Express provided the EEOC a copy of its current commercial automobile insurance policy, provided through National Interstate, in effect at the time at the execution of this Consent Decree, as well as the policy's underwriting guidelines, titled "Preferred Driver & Driver Management Guidelines." Telluride Express states that it expects to maintain this policy during the term of this Consent Decree. Any commercial automobile insurance that Telluride Express maintains must comply with this Decree.

**21.** Prior to and within ten (10) calendar days of entry of this Decree, and subsequently within ten (10) calendar days of the origination, renewal, or modification of any commercial automobile insurance policy maintained by Defendant:

> **21.1.** Defendant will certify to the Commission, in writing, that its commercial automobile insurance is in compliance with Paragraph 20.

**21.2.** With the certification required by Paragraph 21.1, Defendant shall include and provide to the Commission, current copies of Defendant's certification of insurance, and complete copies of all documents reflecting and related to current insurance policies and coverages. This includes, without limitation, all insurance policies, policy guidelines, exclusions, riders, letters of intent, addendums, motor vehicle records guidelines, underwriting guidelines, and any other related or ancillary documents or agreements that Defendant or its insurers treat as modifying insurance obligations.

## C. *EEO Policy Review*

**22.** Within sixty (60) calendar days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law, which may be the same person who conducts the trainings discussed below ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

**23.** The written EEO policies must include at a minimum:

**23.1.** A strong and clear commitment to preventing unlawful age discrimination and retaliation;

**23.2.** A clear and complete definition of disparate treatment based on age and retaliation;

**23.3.** A statement that discrimination based on age or retaliation is prohibited and will not be tolerated;

**23.4.** A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

**23.5.** The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

**23.6.** A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**23.7.** An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful age discrimination and that such investigation will be prompt, fair, and reasonable and conducted by an individual specifically trained in receiving, processing, and investigating allegations of discrimination, which may include trained managerial or HR employees of Defendant;

**23.8.** A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

**23.9.** A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

**23.10.** An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide

testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

24. Within thirty (30) calendar days after completion of the policy review required under this Part VII.C., the written EEO policies shall be posted in a prominent location frequented by employees, at Defendant's facilities in Colorado and distributed to each current employee.

25. The written EEO policies shall be distributed to all new employees when hired.

26. Defendant shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats can include audibly reading the policies to any employee upon request.

**D.  Training**

27. At least every ten months, and in any event no less than twice during the duration of this Decree, Defendant will provide training for all managerial, supervisory, and human resources employees regarding age discrimination, stereotypes about older drivers, insurance practices that unfairly limit driving jobs for older drivers, and Defendant's own policy of hiring drivers based on their qualifications and good driving records, not their age. This training will be at least one (1) hour, and specifically include issues relating hiring discrimination against older workers. Employees who are newly hired or recently promoted into a managerial, supervisory, or human resource position will be provided the one-hour training required by this paragraph within thirty (30) days of being hired or promoted; however, in the event Defendant hires and/or promotes

more than one such employee within a 60-day period, training may occur within up to sixty (60) days, if: (a) doing so allows Defendant to save costs by providing a single training to all such employees at the same time and (b) in any event each such employee will receive the training no later than within sixty (60) days of being hired or promoted. All training under this Paragraph 27 shall be conducted at Defendant's expense by outside vendors, which could include an employment attorney at Defendant's counsel's law firm. Defendant shall provide the name, resume, and agenda of the outside vendor to the EEOC 45 days prior to the training.

28. Defendant agrees that the first such training session identified in Paragraph 27 above, will take place within ninety (90) calendar days after the Court's entry of this Decree.

29. The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendant shall provide the Commission with thirty (30) days' prior notice that a training session will be conducted.

### E. Notice Posting

30. Within ten (10) calendar days after the Court's entry of this Decree, Defendant shall post in each of its locations, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type and style as set forth in Exhibit B, but enlarged to at least 11" x 14", and printed in color on yellow paper so as to draw attention of employees. The Notice shall remain posted for the

duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) calendar days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the reports required under the Reporting provisions of this Decree.

31. Following both trainings required by Paragraph 27, within twenty (20) calendar days, Telluride Express will email its drivers a statement reading "Telluride Express is an equal opportunity employer that is committed to diversity and inclusion in the workplace. We prohibit discrimination of any kind based on any protected characteristic as outlined by federal, state, or local laws, including the Age Discrimination in Employment Act (ADEA)."

## VIII. Record Keeping and Reporting Provisions

32. For the duration of this Decree, Defendant shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

   **32.1.** Trainings

   **32.2.** Applications;

   **32.3.** Personnel files;

   **32.4.** Job Postings;

   **32.5.** Complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

33.     Defendant shall provide reports for each ten-month period following the entry of this Decree. The reports shall be due to the Commission thirty (30) calendar days following the respective ten-month period, except the final report which shall be submitted to the Commission eight weeks prior to the date on which the Decree is to expire.

34.     **Reporting Requirements:** Each report shall provide the following information:

   **34.1. Reports of Discrimination**

   **34.1.1.** For purposes of this Paragraph 34.1, the term "reports of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on age, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "ADEA," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. For example, if a female employee reports that a male employee has made an offensive sexual comment, this should be recognized as a complaint of sexual harassment and/or gender discrimination even though the employee does not use the terms "harassment" or "discrimination," and regardless of whether the complaint is made orally or in writing.

**34.1.2.** The report will include:

a.  The name, address, email address, and telephone number of each person making a complaint of age discrimination to Defendant or to any federal, state, or local government agency;

b.  The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

c.  A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.  Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**34.2. Complaints of Retaliation**

**34.2.1.** For purposes of this Paragraph 34.2, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under the ADEA.

**34.2.2.** The report shall include:

a.  The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency;

b.  The name, address, email address, and telephone number of each

person identified as a potential witness to the incident of retaliation;

c.  A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.  Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

### 34.3. Training

**34.3.1.** For each training program required under Part VII.D. Defendant shall submit attendance records.

**34.3.2.** For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda and a copy of the consultant's resume.

**34.4. Posting of Notice:** Defendant shall recertify to the Commission that the Notice required to be posted under Section VII.E. of this Decree has remained posted during the reporting period, or, if removed, was promptly replaced. Defendant shall also certify that the emails were sent in accordance with Paragraph 31.

**34.5. Policy Review:** Defendant shall report on the status of the EEO policy review and distribution process required under Section VII.C., above.

**34.6. Commercial Automobile Insurance:** Defendant shall report on the status of its commercial automobile insurance policies as required by Paragraph 21.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**35.** This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**36.** There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**37.** The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**38.** Absent extension, this Decree including any and all obligations and/or rights conferred herein shall automatically expire by its own terms at the end of the 20th month from the date of entry without further action by the Parties.

## X. EEOC AUTHORITY

**39.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

**40.** Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. RIGHT TO CURE

**41.** The Defendant shall be entitled to written notice detailing any alleged non-compliance and shall have thirty (30) days from receipt of such notice to cure such non-compliance prior to exercising any enforcement, extension, or remedy provided herein.

## XIII. NOTICE

**42.** Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by email and by certified mail, postage prepaid, as follows:

| EEOC: | TELLURIDE EXPRESS: |
|---|---|
| | |
| Michael LaGarde | Robinson Waters & O'Dorisio, P.C. |
| Nathan Foster | Attn: Kimberly A. Bruetsch |
| Trial Attorneys | Attn: Nicholas F. Labor |
| EEOC Denver Field Office | 1099 18th Street, Ste. 2600 |
| 950 17th Street, Ste. 300 | Denver, Colorado 80202 |
| Denver, CO 80202 | Counsel for Telluride Express |
| | |
| | Telluride Express |
| | Attn: Landon Ogilvie |
| | P.O. Box 118 |
| | Telluride, Colorado 81435 |

## XIV. SIGNATURES

43.    The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 30th day of June, 2021.

BY THE COURT:

*signature*

Judge Brooke R. Jackson
United States Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: *Mary O'Neill* (Digitally signed by Mary O'Neill, Date: 2021.06.29 10:45:53 -07'00')
Mary Jo O'Neill
Regional Attorney

Date: 6 / 29 / 21

SAN MIGUEL MOUNTAIN VENTURES, LLC

By: *signature*
Landon Ogilvie
Manger

Date: 6/27/21

APPROVED AS TO FORM:

*signature*

Michael LaGarde
Trial Attorney
EEOC DENVER FIELD OFFICE
950 17th Street, Suite 300
Denver, CO 80202

Attorney for Plaintiff EEOC

*signature* #48687

Kimberly Bruetsch
ROBINSON WATERS & O'DORISIO
1099 18th Street, Suite 2600
Denver, CO 80202

Attorney for Defendant

**EXHIBIT A**

**RELEASE**

In consideration for $15,000 paid to me by San Miguel Mountain Ventures, LLC, d/b/a Telluride Express in connection with the resolution of *EEOC v. San Miguel Mountain Ventures, LLC, d/b/a Telluride Express*, Case No 1:20-cv-0088-RBJ, I release Telluride Express from any claims of every kind relating to my Age Discrimination Charge, No. 846-2016-02687, or claims that were brought in the Civil Action No. 1:20-cv-00881-RBJ.

_____
Chester Webber

# DISCRIMINATION AGAINST OLDER WORKERS IS ILLEGAL!

Under the Age Discrimination in Employment Act, <u>it is unlawful for an employer to discriminate against workers age 40 and older</u>. This prohibition includes:

- employment decisions based on stereotypes about older workers or older drivers;

- rejection of applicants based on commercial auto insurance that does not provide coverage for older drivers;

- rejection of applicants based on commercial auto insurance that refuses coverage for older drivers based on stricter standards than those applied to younger drivers.

Telluride Express does not discriminate against older workers, and is committed to maintaining auto insurance coverage for its drivers that does not deny coverage to older workers based on their age.

If you believe Telluride Express has discriminated against an older worker because of age, please report the problem to our HR department. We will investigate any reported discrimination, and will tell you what our investigation finds. We will not retaliate against any employee who reports possible discrimination.

## EEOC's Statement of Your Rights

<u>You have a legal right to report discrimination</u> to your employer, to the EEOC, or to the Colorado Civil Rights Division, and <u>it is illegal for an employer to retaliate against you for reporting</u> what you believe to be discrimination. You may report discrimination to either of the following agencies:

| | |
|---|---|
| Equal Employment Opportunity Commission<br>Denver Field Office<br>950 17th Street, Suite 300<br>Denver, CO 80202<br>303-866-13000<br>eeoc.gov | Colorado Civil Rights Division<br>1560 Broadway, Suite 825<br>Denver, CO 80202<br>303-894-2997<br>ccrd.colorado.gov |

This Notice shall remain posted for the term of 20 months.

Telluride Express

By:_____    _____
                                                         Date